UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL SOTO,<br>Reg. No. 46410-298,<br><br>                              Plaintiff,<br><br>            vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                            Defendant. | Case No.: 3:17-cv-0965-AJB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

    ISRAEL SOTO ("Plaintiff"), a federal prisoner currently incarcerated at GEO Western Region Detention Facility ("WRDF") in San Diego, proceeding pro se, and awaiting sentencing after entering a plea agreement in *United States v. Soto*, S.D. Cal. Criminal Case No. 14-cr-00216-MMA, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1]

---

[1] Plaintiff has attached a letter from his appointed counsel in four criminal cases filed against him in the Southern District of California. *See* ECF No. 2 at 4. They are *United States v. Nguyen, et al.,* S.D. Cal.

1

Plaintiff has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28

---

Crim. Case No. 14cr00216-MMA; *United States v. Miranda-Verdugo, et al.,* S.D. Cal. Crim. Case No. 14cr00219-MMA; *United States v. Nguyen, et al.*, S.D. Cal. Crim. Case No. 14cr00221-MMA; and *United States v. Soto, et al.*, 14cr00224-MMA. Plaintiff entered a guilty plea in 14cr00216 on November 3, 2016 (ECF No. 571), and awaits a sentencing hearing before Judge Anello currently scheduled for August 7, 2017 (ECF No. 605). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

1 | U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his "Resident Account Summary" from WRDF, together with a prison certificate completed by a correctional counselor attesting to his trust account activity. *See* ECF No. 3 at 1, 3-4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $1,200, and average monthly deposits of $30 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $1,322.57 in his account at the time he filed it. *See* ECF No. 3 at 1, 3.

Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses his initial partial filing fee to be $240 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Warden of the GEO WRDF, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

///

///

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Plaintiff claims that the "People of California" violated his "rights for a timely appeal" of a judicial termination of his parental rights while he was in custody, and facing criminal charges in San Diego Superior Court's East County before Judge Patricia Cookson in Case No. SCE332422 on July 9, 2015. Plaintiff contends he was represented by a public defender at the time, and he believed his criminal attorney would file an appeal of the custody termination on his behalf. *See* ECF No. 1 at 1, 3-4. "But to [his] disappointment," at some later time, Plaintiff "received a letter informing [him] that [his] time to file [an appeal] has passed." *Id.* at 4.

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Discussion

Plaintiff's Complaint requires sua sponte dismissal because he has failed to state a claim upon which § 1983 relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. He names the "People of the State of California" as the sole Defendant. *See* ECF No. 1 at 1. Plaintiff may not sustain an action against the State, however; nor may he sue the California "Department of Family Services," whom he claims took custody of his minor children after his parental rights were terminated. *Id.* at 3.

The Eleventh Amendment erects a general bar against federal lawsuits brought against the State itself. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). And while "[t]he Eleventh Amendment does not bar suits against a state *official* for prospective relief," *Wolfson*, 616 F.3d at 1065-66 (emphasis added), suits against the state *or its agencies* are barred absolutely, regardless of the form of relief sought, *e.g., Pennhurst State School & Hosp. v. Halderman*, 465

U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012); *see also Woods v. Dep't of Child & Family Servs.*, No. CV-14-94-BMM, 2015 WL 3657609, at *2 (D. Mont. June 12, 2015) (finding the State of Montana's Department of Child and Family Services was entitled to Eleventh Amendment immunity and was not a "person" subject to suit under 42 U.S.C. § 1983) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004)).

For these reasons, the Court dismisses Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

E. Leave to Amend

Because Plaintiff is proceeding pro se, the Court would normally grant him leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); FED R. CIV. P. 15(a); *Lopez*, 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts.")

However, the Court finds that with respect to the State, amendment in this case would be futile. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue,* 176 F.3d 1241, 1246 (9th Cir. 1999); *Reed v. City of San Diego*, No. 06-CV-2724-JM (WMC), 2007 WL 951302, at *2 (S.D. Cal. Mar. 23, 2007) (dismissing with prejudice § 1983 claim against the State of California and finding amendment futile since "[e]ven if Plaintiff were to sue the California Department of Justice, she could not prevail as Eleventh Amendment immunity extends to state agencies.").

And with respect to Plaintiff's public defender, whom he does *not* name as a party, but to whom Plaintiff attributes his lost opportunity to appeal, *see* ECF No. 1 at 3-4, amendment is also futile because no "allegation of other facts" could support a § 1983 claim against him. *Lopez*, 203 F.3d at 1127. "A public defender does not act under color

of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," and therefore is not subject to suit under § 1983. *See Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981); *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 392 n.3 (9th Cir. 2014).

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2).

2) **ORDERS** the Warden of GEO Western Region Detention Facility, or his designee, to collect from Plaintiff's trust account the $240 initial filing fee assessed, if those funds are available at the time this Order is executed, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, GEO Western Region Detention Facility, 200 West C Street, San Diego, California, 92101.

4) **DISMISSES** this civil action without leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: August 2, 2017

Hon. Anthony J. Battaglia
United States District Judge